42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilberto RIVERA-LOPEZ, Defendant-Appellant.
 No. 93-50764.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 1, 1994.
Decided Dec. 6, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Gilberto Rivera-Lopez appeals his conditional guilty plea conviction for being a deported alien found in the United States in violation of 8 U.S.C. Sec. 1326. He argues: (1) the district court erred in denying his motion for dismissal of the indictment because his deportation proceedings were fundamentally unfair and/or lacked due process; and (2) the district court erred in denying his motion for dismissal in a pretrial motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, review de novo, United States v. Villa-Fabela, 882 F.2d 434, 437 (9th Cir.1989), overruled on other grounds, United States v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir.1992); United States v. McConney, 728 F.2d 1195, 1203 (9th Cir.) cert. denied, 469 U.S. 824 (1984), and affirm.
 
 I.
 
 4
 In United States v. Mendoza-Lopez, 481 U.S. 828, 838 (1986), the U.S. Supreme Court held that in a prosecution under 8 U.S.C. Sec. 1326, a defendant may collaterally attack the legality of his prior deportation upon which the prosecution is based if the prior deportation proceeding was both fundamentally unfair and the defendant was deprived of judicial review of that proceeding. Thus in the present case, the burden is on appellant to demonstrate that all four of his prior deportation proceedings were fundamentally unfair and he was deprived of judicial review so as to preclude the government from using any of the prior deportations as a basis for a violation of 8 U.S.C. Sec. 1326. Appellant has not met his burden.
 
 
 5
 Appellant argues that all four of his prior deportations lacked due process and were fundamentally unfair because his waiver of his right to appeal was not considered or intelligent. He further argues that the first deportation proceeding in 1975 was fundamentally unfair because he did not have counsel.
 
 II.
 
 6
 In United States v. Lopez-Vasquez, 1 F.3d 751, 755 (9th Cir.1991) (per curiam), a panel of the Ninth Circuit concluded that "mass silent waiver impermissibly 'presume[s] acquiescence' in the loss of the right to appeal and fails to overcome the 'presumption against waiver,' " and thus set down a per se rule against the mass silent waiver of the right to appeal in deportation proceedings.
 
 
 7
 Appellant argues that under Lopez-Vasquez, the government has the burden of proving that appellant's waiver was properly acquired. The problem, however, is that appellant's argument for invalidation of his prior deportations is that all of his hearings were "mass" hearings, wherein "mass silent waivers" of the aliens' rights to appeal were acquired. It is clear from the record that the October 1991 hearing was a mass hearing where mass silent waivers were obtained, and appellant argues that all of the prior deportation proceedings were also mass hearings whose waivers of appeal did not comport with due process, and therefore cannot be the basis for a Sec. 1326 conviction.
 
 
 8
 Appellant offers no direct evidence that the June 1975, October 1975 and June 1977 hearings were mass hearings, but relies on the testimony of his expert, immigration attorney Mathew Millen, who opined that the lack of a transcript in appellant's file implies that he received a mass hearing, because the transcript of the hearing would have gone into the "lead" alien's file. A de novo review of the record presented by appellant is inconclusive on the character of the second and third hearings. Appellant cannot recall if he participated in a mass hearing or an individual hearing, and his only argument rests on Millen's opinion that the court practices imply that appellant participated in a mass hearing. Moreover, the declaration of Immigration Judge Williams, who handled Rivera-Lopez' June 1975 hearing, states without reservation that in 1975, a permanent resident such as appellant would not have been subject to a group deportation hearing, and that he would have informed the alien of his full panoply of rights. Further, appellant's trial counsel (who is also appellant's counsel on appeal) admitted that no proof existed of a mass hearing in 1975 or 1977.
 
 
 9
 Appellant has not sufficiently shown that the propriety of his prior deportation proceedings should be questioned because he cannot establish lack of due process. He cannot establish lack of due process because he relies on the mass character of the prior proceedings as the infirmity, yet has not established that the prior proceedings were in fact mass hearings where waivers to rights to appeal were improperly acquired by silence. Further, he has not demonstrated prejudice from the alleged lack of process. United States v. Proa-Tovar, 975 F.2d 592 (9th Cir.1992) (en banc). The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3